IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnnie Gathers, 162420, | ) CIVIL ACTION NO. 9:09-1295-HMH-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Jon Ozmint, Willie Eagleton, J. Bethea, S. Goldberg, and W. McCrae, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on November 25, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 30, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

After receiving an extension of time to reply, Plaintiff filed a memorandum in opposition to the Defendants' motion on January 28, 2010. Defendants' motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
(continued...)



## Background and Evidence

Plaintiff alleges in his verified complaint[2] that on August 18, 1989 he was convicted in state court on a four count indictment and received a custody sentence. Plaintiff alleges that he was subsequently released on parole with a parole ending date of September 5, 2003, which Plaintiff alleges is an incorrect date. Plaintiff further alleges that on December 2, 2005, a parole violation warrant was issued even though his original sentence had already expired, and that the parole board revoked his parole and sentenced him to an additional ten (10) years when there was no parole to be revoked.

Plaintiff alleges that the Defendant Eagleton, Warden of the Evans Correctional Institution, ignored the fact that his sentence had already expired, as did the Defendant caseworker Bethea. Plaintiff alleges that the Defendant case workers McCrae and Goldberg also know that he is being held illegally because of printouts they have received from the SCDC Offender Management System. Plaintiff further alleges that both of these two Defendants "agree that my sentence has expired . . . .".

Finally, Plaintiff alleges that he has been retaliated against by four SCDC employees, who have also used excessive force against him and denied him medical treatment. None of these

---

[1](...continued)
Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this motion is dispositive motion this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



four individuals are named as Defendants in this case.

Plaintiff seeks monetary damages for the "mental emotional injury pain and suffer[ing]" for his unlawful incarceration, but does not mention any request for damages for excessive force or denial of medical treatment. See generally, Plaintiff's Complaint, as amended, with attached exhibits.

In support of summary judgment in the case, the Defendants have submitted an affidavit from Ernest Rowe, who attests that he is a Records Analysis III/Inmate Records, and that his duties include the calculation and maintenance of inmate sentences. Rowe attests that he has conducted a comprehensive review of Plaintiff's inmate file and incarceration history, and has completed an SCDC Sentence Calculation/Max Out Worksheet, a copy which is attached to his affidavit as Exhibit A. Rowe has also attached copies of Plaintiff's Indictment and Sentencing Orders to his affidavit as Exhibit B. Rowe attests that Plaintiff's incarceration time has been appropriately calculated, and that a review of Plaintiff's records reveal that Plaintiff has also grieved this sentence calculation issue, and has received an ultimate determination of the Administrative Law Court, a copy of which is attached to his affidavit as Exhibit C. Rowe attests that Plaintiff currently has a projected max out date of October 18, 2010, which assumes that Plaintiff will receive good time credits and earned work credits at the rate that he is currently receiving those credits. See generally, Rowe Affidavit, with attached exhibits.

As an attachment to his memorandum in opposition to summary judgment, Plaintiff has attached an affidavit wherein he attests that he has seen SCDC Offender Management System printouts which do not show the same charges as his indictments, trial, and sentencing records show, and that he has two individuals (a "Mr. Jacobs" and a "Ms. Hooks") who are available to testify on



his behalf. Plaintiff also attests that on January 10, 2007 he received a printout from Shirley Davidson with the Florence County Department of Probation, Parole and Pardon Services which showed that his parole completion date was September 9, 2003, not 2013, and that Ms. Davidson is also available to testify. Plaintiff also proceeds to apparently discuss evidence which was or has been submitted in other cases Plaintiff has pending in this Court, which include a lawsuit brought under 28 U.S.C. § 2241, and which relate to this same claim. Finally, Plaintiff alleges that the Defendant Ozmint (Director of the SCDC) and others "have been made aware that some SCDC official has tampered with the SCDC record in order to show charges never issued by any Court or jury . . . .", and that he is the victim of a coverup. See generally, Gathers Affidavit.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful



review and consideration of the arguments and evidence submitted, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

First, with respect to Plaintiff's claim for damages for allegedly being held in custody past his max out date, this claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), which provides that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 Plaintiff must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing a relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Heck, 512 U.S. at 486-487.

The allegations of Plaintiff's complaint, as well as Plaintiff's own exhibits, make clear that his probation revocation and current sentence have not been overturned. Indeed, this same claim has previously been addressed by this Court in Gathers v. Eagleton, Civil Action No. 9:08-3987, a case Plaintiff filed pursuant to 28 U.S.C. § 2241, and found to be without merit. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]. Therefore, Plaintiff's claim for damages for an allegedly wrongful imprisonment must be dismissed. Cf. Eaton v. McGee, 113 Fed.Appx. 9, 10 (5th Cir. 2004) [§ 1983 complaint challenging parole revocation and two additional convictions barred by Heck where inmate had not shown that revocation or convictions had been set aside or otherwise called into question]; O'Bryant v. Taylor, No. 01-60118, 2001 WL 803746 (5th Cir. June 13, 2001) [applying Heck to a probation revocation proceeding); Jackson v. Vannoy, 49 F.3d 175, 176 (5th Cir.



1995) [Heck applied to probation revocation proceeding], cert. denied, 516 U.S. 851 (1995).

Finally, to the extent Plaintiff has intended to assert a claim for excessive use of force or improper medical treatment, these claims should be dismissed because the individuals against whom Plaintiff asserts these claims are not even Defendants in this lawsuit. Wise v. Ozmint, No. 09-153, 2009 WL 3232672 at * 2 (D.S.C. Oct. 6, 2009); Norland v. Oregon, No. 05-6312, 2009 WL 3193163 at * 6 (D.Or. Sept. 29, 2009); cf. Jones v. Pollard-Buckingham, 348 F.3d 1072, 1073 (8th Cir. 2003).[3]

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' Motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, pursuant to Heck v. Humphrey. To the extent Plaintiff intended to assert any claims relating to excessive use of force or improper medical treatment, since Plaintiff did not name as party Defendants the individuals he (apparently) contends engaged in this conduct, those claims should also be **dismissed**, without prejudice.

The parties are referred to the Notice Page attached hereto.

March 10, 2010  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

---

[3] It must also be noted that Plaintiff has already litigated his excessive force claim against the individuals named in the narrative of his complaint in yet another one of his federal court cases, Gathers v. Brayboy, et al., Civil Action No. 9:09-35, which was dismissed in favor of the Defendants on summary judgment. Hence, even if Plaintiff had named these additional individuals as party Defendants in this case, his excessive force claim would be subject to dismissal. Aloe Creme Laboratories, Inc., 425 F.2d at 1296.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

