IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Johnnie Gathers, #162420, )
 )
 Plaintiff, ) C.A. No. 9:09-1295-HMH-BM
 )
 vs. ) **OPINION & ORDER**
 )
Jon Ozmint, Willie Eagleton, J. Bethea, )
S. Goldberg, and W. McCrae, )
 )
 Defendants. )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] Johnnie Gathers ("Gathers"), a state prisoner proceeding pro se, brought an action under 42 U.S.C. § 1983 alleging various violations to his civil rights. In his Report and Recommendation, Magistrate Judge Marchant recommends granting the Defendants' motion for summary judgment.

Gathers filed objections to the Report and Recommendation. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Gathers' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Gathers objects arguing (1) that the magistrate judge recommended granting summary judgment to the Defendants on grounds not raised by the Defendants, and (2) that the magistrate judge erred in finding that this case is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (Objections, generally.) Gathers first objection is without merit. The magistrate judge's report was only a recommendation. "[D]strict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Magistrate Judge Marchant recommended that the court grant summary judgment to the Defendants because this case is barred by Heck. The Defendants did not raise this argument in their motion for summary judgment. However, attached to the Report and Recommendation was an objections notice advising Gathers of his responsibility to specifically object to the Report and Recommendation. Thus, Gathers was on notice to come forward with his evidence and in fact, Gathers objected to the magistrate judge's recommendation to grant summary judgment pursuant to Heck. Therefore, this objection is without merit.

Gathers objects to the magistrate judge's conclusion that this case is barred by Heck. Gathers alleges that he satisfied his sentence for his 1989 convictions "on or about September 2003." (Gathers Mem. Opp'n Summ. J. 2.) However, Gathers alleges that he is being held

2

illegally because the Defendants have "falsified the SCDC record of Plaintiff's South Carolina convictions and sentences to reflect charges which were never issued by any judicial authority to the end of extending Plaintiff's term of imprisonment past his legally legitimate term." (Gathers Mem. Opp'n Summ. J. 2.) Under Heck, "in order to recover damages [under § 1983] for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," Gathers must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "It is only when . . . [the] logical application of the § 1983 judgment would *not necessarily* invalidate the underlying conviction that the § 1983 case can proceed." Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003). Based on the foregoing, Gathers' § 1983 claim is barred by Heck. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation to the extent it is consistent with this order.

Therefore, it is

**ORDERED** that the Defendants are granted summary judgment and this case is dismissed without prejudice. It is further

**ORDERED** that the Defendants' motion for summary judgment, docket number 36, is denied as moot. It is further

**ORDERED** that Gathers' motion Rule 60(b), docket number 44, is denied as moot. It is further

**ORDERED** that Gathers' motion for preliminary injunction, docket number 50, is denied as moot. It is further

**ORDERED** that Gathers' motion to amend the complaint, docket number 53, is denied as amendment would be futile. Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
April 15, 2010

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.